OPINION
On January 19, 1999, appellee, the Stark County Department of Job 
Family Services, filed a complaint for the temporary custody of Amire Dixon born May 30, 1998, alleging the child to be neglected. Mother of the child is appellant, Geneta Turner; father is appellant, Kevin Dixon. On April 9, 1999, the trial court found neglect and awarded temporary custody of the child to appellee. On December 16, 1999, appellee filed a motion for permanent custody. Hearings were held on January 31, 2000 and April 13, 2000. By judgment entry filed May 17, 2000, the trial court granted permanent custody of the child to appellee. Findings of fact and conclusions of law were filed on same date. Appellant Dixon filed an appeal on June 12, 2000. Appellant Turner filed her appeal on July 6, 2000. This matter is now before this court for consideration. Assignments of error are as follows: Appellant Dixon's assignments of error:
 I THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED AN ERROR AS TO LAW WHEN IT FAILED TO RECOGNIZE THAT THE CHILD COULD BE RETURNED TO APPELLANT WITHIN A REASONABLE TIME.
 II THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED AN ERROR AS TO LAW WHEN IT FOUND THAT THERE WAS NO KNOWN RELATIVE AVAILABLE FOR PLACEMENT OF THIS CHILD.
 III THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED AN ERROR AS TO LAW WHEN IT FOUND THAT IT WOULD BE IN THE CHILDREN'S BEST INTEREST TO BE PLACED IN THE PERMANENT CUSTODY OF THE DEPARTMENT OF HUMAN SERVICE.
Appellant Turner's assignments of error:
 I THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILDREN CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 II THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO HOLD THE BEST INTEREST PHASE OF THE PERMANENT CUSTODY TRIAL BEFORE GRANTING PERMANENT CUSTODY TO THE STARK COUNTY DEPARTMENT OF HUMAN SERVICES.
Appellant Turner's Assignment of Error II
We will address this assignment of error first as we find it to be dispositive of this appeal. Appellant Turner claims the trial court erred when it failed to conduct the best interest phase of the permanent custody trial before granting permanent custody of the child to appellee. We agree. The record indicates the trial court conducted hearings on the motion for permanent custody on January 31, 2000 and April 13, 2000. On May 17, 2000, the trial court filed a notice of hearing for the best interest phase of the trial, to be conducted on June 20, 2000. However, on this same date, May 17, 2000, the trial court also filed its judgment entry granting permanent custody of the child to the appellee. We have previously addressed this issue in the cases of In the Matter of: Lewis Children (June 15, 1998), Stark App. No. 1997CA00251, unreported, and In Re: Wallace Children (December 30, 1997), Stark App. No. 1997CA00033, unreported. In both of these cases, we held that "* * * based upon a reading of R.C. 2151.414, a trial court must conduct the hearing provided for in section (A) of the statute before it can terminate parental rights and grant permanent custody to the Agency." Lewis at 4; Wallace at 5. Accordingly, appellant Turner's Assignment of Error II is granted.
The remaining assignments of error are moot given our disposition of appellant Turner's Assignment of Error II.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby reversed and remanded. Upon remand, the trial court shall conduct the best interest phase of the trial and make a determination regarding the termination of parental rights and grant of permanent custody based upon the evidence presented at the permanent custody hearings and the best interest hearing.
 __________ Farmer, J.
Gwin, P.J. and Wise, J. concur.